## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSEPH JIN, on behalf of himself
and all others similarly situated,**

     **Plaintiff,**          **Case No.:**

**v.**

**TAIYO INTERNATIONAL INC. d/b/a
YAMATO JAPANESE STEAKHOUSE
& SUSHI BAR, INC. and
KIL D. HAN, an individual,**

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH JIN, by and through undersigned counsel, and on behalf of himself and all those similarly situated, as well as in the public interest, brings this action against Defendants, TAIYO INTERNATIONAL INC. d/b/a YAMATO JAPANESE STEAKHOUSE & SUSHI BAR, INC. and KIL D. HAN, in his individual capacity, and in support thereof states as follows:

### NATURE OF THE CASE

1.    Plaintiff seeks relief on behalf of himself and his fellow workers for Defendants' willful filing of fraudulent tax information forms with regard to their employment. Defendants' systematic company policy of willfully filing false and fraudulent information returns was, at all times relevant to this action, in violation of 26 U.S.C. § 7434.

2.    Instead of listing the workers' complete earnings on Forms W-2 as required by law, Defendants improperly classified a portion of its workers' earnings as cash 'under the

table' payments, not reported to the IRS, as part of a scheme to avoid tax liability under the Federal Insurance Contributions Act, the Federal Unemployment Tax Act, as well as its worker's compensation obligations.

3.      Defendants also failed to pay minimum and overtime wages as required by the FLSA.  In addition, Defendant paid Plaintiff and the FLSA Collective Class Members wages that routinely fell below the levels dictated by the FLSA.  Plaintiff and the FLSA Collective Class Members' wages were further reduced by Defendants' willful, unlawful, and improperly classified withholdings from their compensation.

4.      Plaintiff, on behalf of the Putative Class, seek to recover their unpaid wages, actual, liquidated, and compensatory damages and, to the extent appropriate, pre-and post-judgment interest.

## JURISDICTION AND VENUE

5.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., because of Defendant's failure to pay overtime wages in accordance with the FLSA, and for damages resulting from Defendants' willful violation of 26 U.S.C. § 7434.

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 201 *et seq*., and 26 U.S.C. § 7434.

7.      Counts One and Two of this Complaint are filed as a collective action under 29 U.S.C. § 216(b).

8.      Count Three of this Complaint is filed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

2

9.     Venue is proper in the Middle District of Florida, because a substantial number of the events giving rise to these claims occurred in Pasco County, Florida, which lies within the Middle District. Further, Plaintiff worked for Defendant in this judicial district.

10.     The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires.  Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court". 26 U.S.C. § 7434(d).

## PARTIES

11.     Plaintiff, JOSEPH JIN, is a resident of Pasco County, Florida and worked for Defendants at its Pasco County, Florida facility.

12.     Defendant, TAIYO INTERNATIONAL INC. d/b/a YAMATO JAPANESE STEAKHOUSE & SUSHI BAR, INC., is a Florida profit corporation and, at all times relevant, operated multiple restaurants in Florida, including in Pasco County, Florida, located within the Middle District of Florida.

13.     Defendant, KIL D. HAN, is the president, director, and registered agent of TAIYO INTERNATIONAL INC. d/b/a YAMATO JAPANESE STEAKHOUSE & SUSHI BAR, INC.  Based upon information and belief, KIL D. HAN is a resident of Hillsborough County, Florida

## GENERAL ALLEGATIONS

14.     Plaintiff has satisfied all conditions precedent, or they have been waived.

3

15.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

16.     Plaintiff requests a jury trial for all issues so triable.

17.     At all times material hereto, Plaintiff and the FLSA Collective Class Members were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

18.     At all times material hereto, Plaintiff and the FLSA Collective Class Members were "employees" of Defendants within the meaning of the FLSA.

19.     At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

20.     Defendants continue to be an "employer" within the meaning of the FLSA.

21.     At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

22.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

23.     Defendant, KIL D. HAN, is the president, director, and registered agent of of TAIYO INTERNATIONAL INC. d/b/a YAMATO JAPANESE STEAKHOUSE & SUSHI BAR, INC.

24.     As part of his duties, Defendant, KIL D. HAN, supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff and similarly situated employees.   Defendant, KIL D. HAN, also controlled the payroll practices of

TAIYO INTERNATIONAL INC. d/b/a YAMATO JAPANESE STEAKHOUSE & SUSHI BAR, INC.

25.     Through the exercise of dominion and control over all employee-related matters at TAIYO INTERNATIONAL INC. d/b/a YAMATO JAPANESE STEAKHOUSE & SUSHI BAR, INC., KIL D. HAN, in his individual capacity, is also an "employer" within the meaning of the FLSA.

26.     At all times material hereto, the work performed by Plaintiff and the FLSA Collective Class Members was directly essential to the business performed by Defendant.

27.     The FLSA Collective Class Members consist of all similarly situated employees who were employed by Defendants within the last three years.

## FACTS

28.     Plaintiff began working for Defendants as a Server in June 2015 as a Server, was promoted to Manager during his tenure, and he worked in that capacity until May 2018.

29.     Although Plaintiff was a Manager, he was subject to the same wage practices and procedures that were systematically employed by Defendants.

30.     At all times material hereto, Plaintiff, the FLSA Collective Class Members, and the putative IRS Class Members worked hours at the direction of Defendants and they were not at all times paid at least the applicable minimum wage for all of the hours that they worked.

31.     At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendants, and they were

5

entitled to be paid an overtime premium equal to one and one-half times their regular hourly rate for all of these hours.

32.     By failing to accurately record all of the hours worked by Plaintiff, the FLSA Collective Class Members, and the putative Florida Class Members, Defendants failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

33.     Defendants' actions were willful, intentional, and showed reckless disregard for the provisions of the FLSA.

34.     Defendants did not make, keep and maintain payroll records accurately reporting the wages paid to Plaintiff, the FLSA Collective Class, and the Putative IRS Class. Instead, Defendants' payroll records listed only a portion of the wages paid to Plaintiff and the other individuals employed by Defendants.  The remaining payments to these workers were paid "off the books", even though these sums were simply a portion of each worker's regular weekly wages.

35.     When  Plaintiff  questioned  Defendants'  unlawful  payroll  practices, Defendants, in an attempt to mislead Plaintiff, told Plaintiff that "when we pay you via payroll, you have to pay more taxes so it's better if we pay you cash".

36.     Defendants' practice of paying a portion of the compensation, owed to its employees and former employees for work they actually performed, "under the table" is common to Plaintiff and Defendants' employees and former employees.

6

37. Defendants' paid employment taxes under the Federal Insurance Contributions Act and the Federal Unemployment Tax Act only on those portions of the workers' wages included on the company's payroll records. Defendants' paid no employment taxes or worker's compensation premiums on the portion of the workers' earnings paid "off the books".

38. Defendants' fraudulent payroll practices were part of a scheme by Defendants to defraud state and federal taxing authorities and the company's worker's compensation insurance carrier by lessening Defendants' tax obligations and the amount of its worker's compensation insurance premiums.

39. Defendants also fraudulently reported to federal and state authorities that Plaintiff, the FLSA Collective Class Members, and the putative IRS Class Members, earned a higher amount in tips than they actually earned for the purposes of lowering its tax obligations.

40. Defendants' actions in fraudulently reporting the wages of the Plaintiff and Defendants' other employees caused these workers injury. Among other things, Defendants' actions underreported the Social Security wages of Plaintiff and members of the FLSA Collective Class and the IRS putative Class, potentially reducing the Social Security or disability benefits available to them. Furthermore, by underreporting the wages of the Plaintiffs and the other workers employed by Defendants, Defendants' left these individuals liable for substantial tax liability as a result of Defendants' failure to withhold income taxes from a substantial portion of the wages of these workers' wages.

7

41.     Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiffs' earnings and to provide Plaintiffs with accurate W-2 tax statements for each tax year during which Plaintiffs worked.

42.     Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

43.     Defendants had a legal obligation to file accurate tax statements with the IRS.

### COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "FLSA Collective Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of all similarly situated individuals employed by Defendants within the last three years whom Defendants failed to compensate in accordance with the FLSA.

45.     Therefore, notice is properly sent to: "All individuals employed by Defendants and whom Defendants failed to compensate in accordance with the FLSA within three (3) years of the filing of this complaint through the date of final judgment in this action.

46.     The total number and identities of the FLSA Collective Class members may be determined from the records of Defendant, and the FLSA Collective Class may easily and quickly be notified of the pendency of this action.

47.     Plaintiff's experience with Defendant's payroll practices is typical of the experiences of the FLSA Collective Class.

48.     Plaintiff is similar to the FLSA Collective Class because he and the FLSA Collective Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

49.     Defendants' failure to pay all wages due at a rate that was at least equal to the applicable statutory Federal minimum wage amounts is common to the FLSA Collective Class.

50.     Defendants' practice of making unlawful deductions from wages in violation of the FLSA is common to the FLSA Collective Class.

51.     Overall, Plaintiff's experience as an employee who worked for Defendant is typical of the experience of the FLSA Collective Class.

52.     Specific job titles or job duties of the FLSA Collective Class do not prevent collective treatment.

53.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff, on behalf of himself and all those similarly situated, seeks class action certification and is authorized to maintain this lawsuit as a class action pursuant to the Federal Rules of Civil Procedure 23(b)(3).

> **IRS CLASS**: All individuals who were employed by Defendants within six years prior to the filing of this Complaint, through the date of final judgment in this action, whom Defendant failed to properly record, account for, withhold, and report to the IRS all monies paid to Plaintiff and the Putative Class as compensation for work performed during the course of their employment.

55.   **Numerosity**: The persons in the IRS Class identified herein are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least one hundred (100) members of the IRS Class during the Class Period.

56.   **Typicality**: The claims of Plaintiff are typical of the claims of the IRS Class. A class action is superior to other available methods and will result in the fair and efficient adjudication of the controversy.  Plaintiff's claims are typical of the other Class Members' claims because, as described herein, Defendants' used common pay practices in committing the aforementioned fraudulent conduct that damaged Plaintiff and the Putative Class. Plaintiff seeks only the statutory remedy for his class-wide claim and the claim of each putative class member is relatively small, such that it is not economically feasible to bring individual actions for each member of the class.  Moreover financial fraud of the nature complained about herein is difficult to detect and uncover thus the vast majority of class members would not know of the existence of their claims.  These typical, common claims predominate over any questions affecting only individual class members.

57.   **Adequacy**: Named Plaintiff will fairly and adequately protect the interests of the IRS Class.  Named Plaintiff has the same interests as do other members of the 26 U.S.C. §7434 class and will vigorously prosecute these interests on behalf of the class.  Named Plaintiff has retained counsel experienced in complex class action litigation.  Counsel for the Named Plaintiff is prepared to advance litigation costs necessary to vigorously litigate this

action and to provide notice to the members of the 26 U.S.C. §7434 class under Rule 23(c)(2).

58.     **Commonality**: Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes.  These common questions include, but are not limited to:

        a.     Whether Defendants' willfully filed fraudulent information returns concerning Plaintiff and the Putative Class within the meaning of 26 U.S.C. § 7434;

        b.     Whether Defendants' willfully omitted a portion of the earnings of the putative IRS Class Members from its payroll records within the meaning of 26 U.S.C. § 7434;

        c.     Whether Defendants' filing of W-2 forms underreporting the wages of the members violated 26 U.S.C. § 7434; and

        d.     Whether the Defendant should be enjoined from such violations in the future.

59.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in Defendants' fraudulent information returns applies to Plaintiff and the Putative Class.

60.     This case is also maintainable as a class action because Defendants have acted, or refused to act, on grounds that apply generally to the Putative Class so that final

injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

61.    **Superiority**: A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, inter alia:

a.    The common issues of law and fact, as well as the relatively small size of the individual Class Members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.    Many members of the subclass are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.    There has been no litigation already commenced against Defendants by the members of the 26 U.S.C. §7434 class to determine the questions presented in Count III;

d.    It is desirable that the claims be heard in this forum because many of the acts giving rise to the causes of action set out herein arose in this district; and

e.    A class action can be managed without undue difficulty because during the statutory period Defendants' regularly committed the violations complained of herein, and have records identifying each member of the 26 U.S.C. § 7434 subclass.

62.     Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Defendant's record.

## COUNT I – FLSA OVERTIME VIOLATIONS

63.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 53 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

64.     During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendant, and they were not properly compensated for all of these hours under the FLSA.

65.     Defendant failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

66.     The Members of the Class are similarly situated because they were all employed by Defendants, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its employees for all of the overtime hours that they worked in accordance with the FLSA.

67.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class are individually entitled to an amount equal to their unpaid overtime wages as liquidated damages.

13

68.     All of Defendant's conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

69.     As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective Class that [prompt, he or she] seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class, at the applicable overtime rate;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h)     Judgment against Defendant stating that their violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT II – FLSA MINIMUM WAGE VIOLATION

70.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 53 of this Complaint, as though fully set forth herein.

71.     During the statutory period, Plaintiff and the FLSA Collective Class Members worked for Defendant and were not, at all times, paid a minimum wage for the hours that they worked, as mandated by the FLSA.

72.     Defendant failed to compensate Plaintiff and the FLSA Collective Class Members at a rate that was at least equal to the applicable federal minimum wage.

73.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C).  As a result, Plaintiff and the FLSA Collective Class Members who

have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

74.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75.     As a result of the foregoing, Plaintiff and the FLSA Collective Class Members have suffered damages.

**WHEREFORE**, Plaintiff demands:

(a)     Designation of this action as a collective action on behalf of the Plaintiff and the prospective FLSA Collective Class Members that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative Collective Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendant for an amount equal to the unpaid minimum wages of Plaintiff and all opt-in Members of the FLSA Collective Class;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendant for an amount equal to the unpaid back wages of Plaintiff and opt-in Members of the FLSA Collective Class at the applicable statutory minimum wage, as liquidated damages;

(h)     Judgment against Defendant stating that its violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

## COUNT III – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

76.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 and paragraphs 54 through 62 of this Complaint, as though fully set forth herein.

77.     Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

17

78.     Defendants willfully filed W-2 forms containing fraudulent information regarding Plaintiff and the Putative Class Members' earnings. The W-2 forms filed by Defendants during the statutory period did not list the worker's actual earnings, and excluded that portion of the workers' earnings that were paid "off the books". By filing the fraudulent W-2 forms, Defendants substantially reduced its obligation for payment of taxes pursuant to the Federal Insurance Contributions Act and the Federal Unemployment Tax Act.

79.     Plaintiff and the Putative Class Members suffered injury as a result of Defendants' aforementioned fraudulent conduct for which they are entitled to relief pursuant to 26 U.S.C. § 7434. Among other things, the Social Security earnings records of these individuals were not properly credited with their wages for work with Defendants during the statutory period. In addition, because of Defendants' failure to list the full wages of these individuals on the W-2 forms and to make corresponding income tax withholdings, the Named Plaintiff and the other members of the 26 U.S.C. § 7434 class are subject to substantial income tax liability

**WHEREFORE**, Plaintiff demands:

(a)     Allowing the claim to proceed on a class wide basis and certifying with regard to this claims a class pursuant to Federal Rule of Civil Procedure 23(b)(3);

(b)     Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff and each putative class member, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(c)  That Defendants be ordered to take all the necessary steps to correct the information returns identified above.

(d)  All costs and attorney's fees incurred in prosecuting these claims; and

(e)  For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ___ day of September, 2018.

Respectfully submitted,

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**